**MARRA CONSTRUCTORS, INC., Appellee and Cross–Appellant,**

v.

**CLEVELAND METROPARKS SYSTEM, Appellant and Cross–Appellee.**

[Cite as *Marra Constructors, Inc. v. Cleveland Metroparks Sys.* (1993), 82 Ohio App.3d 557.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63855.

Decided Jan. 19, 1993.

*Jack D. Maistros,* for appellee and cross-appellant.

*Mark R. Koberna,* for appellant and cross-appellee.

KRUPANSKY, Judge.

The appeal and cross-appeal *sub judice* stem from a construction contract arbitration award confirmed in part and vacated in part by the common pleas court. Defendant-appellant the Board of Park Commissioners of the Cleveland Metropolitan Park District ("Metroparks") appeals with two assignments of error from the order of the common pleas court denying its motion to vacate the award in its entirety. Plaintiff-appellee Marra Constructors, Inc. ("Marra") cross-appeals with four assignments of error from the order of the common pleas court vacating the arbitrator's award of interest and the award of post-judgment interest by the common pleas court from September 10, 1991 to October 7, 1991.[1]

The parties entered into a contract for certain improvements on the Chippewa Creek Ford in the Metroparks Brecksville Reservation (the "Project") at an estimated cost of $206,500 on May 23, 1990. The Project involved driving a total of twenty-one steel piles, construction of culvert footers, installation of precast box culverts and paving a roadway surface on the structure over the creek. The Project commenced in June 1990 but encountered several delays due to improper placement of the footers, the unanticipated inspection of the steel piles following installation and inclement weather.

Project drawings prepared by Richland Engineering, Inc. ("Richland Engineering"), an independent engineer retained by Metroparks, and used by Marra contained an erroneous placement of the footers and resulted in an improper installation of the footers. Marra was likewise unable to proceed with construction of the Project while Metroparks obtained an independent

---

**1.** For simplicity, the parties shall be referred to in the following opinion as Metroparks and Marra.

review of the adequacy of the pilings following their installation by Marra. The Project was ultimately completed in October 1990.

Following completion of the Project, Marra submitted the following five claims to arbitration to recover $95,233.06 in costs and expenses attributed to the delays, *viz.*: (1) $65,252.19 due to dimensional errors in the plans regarding the location of the footers and inspection of the steel pilings following installation; (2) $11,932.43 due to an alleged "ten year flood" occurring on September 7, 1990; (3) $10,931.53 resulting from excessive rain in July 1990; (4) $3,234.61 for additional paving costs; and (5) $3,882.30 for inspection costs.[2] Marra also requested $6,992.12 in interest on the $95,233.06 in costs and expenses for a total amount requested of $102,225.18.

The arbitrator issued a twenty-five page decision and judgment entry on September 10, 1991 after conducting a two-day hearing where the parties presented testimony from fourteen witnesses and numerous exhibits and photographs. The arbitrator found in favor of Marra on the first four of the above claims and denied the fifth claim. The arbitration award rendered judgment in favor of Marra in the total amount of $81,962.91 as follows, *viz.*: (1) $60,087.67 in connection with the footer plan error and pile inspection delay claim, (2) $3,093.60 on the "ten year flood" claim, (3) $9,937.75 resulting from the excessive rain in July 1990 claim, and (4) $3,234.61 on the additional paving claim, each with ten percent interest for the two-hundred-sixty-eight-day period prior to the commencement of the arbitration on July 25, 1991. The arbitration award did not grant Marra its requested ten percent profit on the disputed items and awarded a total of $81,962.91, $20,262.27 or approximately twenty percent less than the amount sought by Marra.

Marra thereafter filed an application to confirm the arbitration award in the common pleas court and Metroparks filed a motion to vacate the award. Neither party filed a verbatim transcript, statement of the evidence or other material equivalent to a recitation of all the evidence presented by the parties during the arbitration proceedings. The common pleas court conducted a hearing where the parties presented legal arguments supporting their respective motions, and subsequently granted Marra's motion to confirm the award in part and Metropark's motion to vacate the award in part. The order of the common pleas court confirmed the award in favor of Marra on the first four claims but vacated the arbitrator's award of two hundred sixty-eight days' interest on the sums awarded. The common pleas court thereafter granted

---

**2.** Marra's appellate brief contains the following statement: Claim No. 5, in the amount of $3,882.30 was for inspection costs incurred by Marra. The arbitrator denied this claim. Marra does not contest the denial of such claim. (Brief at page 3, fn. 4).

Marra's motion for statutory interest on the award limited to the period from the date of the arbitration award, September 10, 1991 to October 7, 1991.

Metroparks filed a notice of appeal from the order of the common pleas court denying its motion to vacate the award in its entirety raising two assignments of error. Marra responded by filing a timely cross-appeal from the orders of the common pleas court vacating the award of interest on the sums awarded by the arbitrator and granting limited statutory post-judgment interest raising four assignments of error.

The parties first two assignments of error on appeal and cross-appeal are related and shall be discussed collectively. Appellant Metropark's first and second assignments of error on appeal follow:

"I. The trial court erred in overruling Metroparks' motion to vacate and granting Marra's application to confirm the arbitration award as to claim No. 1.

"II. The trial court erred in overruling Metroparks' motion to vacate and granting Marra's application to confirm the arbitration award as to claim Nos. 2 and 3."

Appellee and cross-appellant Marra's first and second assignments of error on cross-appeal argue the contrary as follows:

"I. The arbitrator did not exceed his authority in determining that Metroparks was responsible for delay damages arising out of either dimensional errors in drawings prepared by its engineer or delays caused by unnecessary tests.

"II. The arbitrator did not exceed his authority in awarding Marra damages for claims number two and three arising out of delays caused by a ten year flood and excessive rains."

Metroparks contends the common pleas court erred in failing to vacate the arbitration award in its entirety under R.C. 2711.10(D), since the arbitrator exceeded his authority by disregarding contract provisions and interpreting contract provisions contrary to their "plain meaning." Marra argues to the contrary that the common pleas court properly confirmed this portion of the award under R.C. 2711.09, since the arbitrator properly exercised his authority in rendering the award.

The parties first assignments of error relate to delay caused by errors in the Richland Engineering Project drawings indicating the improper location of the footers used to construct the roadway. The drawings indicated the distance between the faces of the footers should be twenty-four feet seven inches, whereas the distance should have been measured to the interior face of the respective culvert legs. Marra apparently placed the footers in accordance

with the Project drawings, which necessitated modification of the remainder of the Project.

Metroparks argues Marra assumed the risk of these incorrect drawings in Article 9.1 of the contract despite the fact the drawings were made by Richland Engineering, an independent contractor retained by Metroparks. Metroparks contends the arbitrator ignored this provision of the contract, which provides as follows:

"The Contractor [Marra] hereby specifically acknowledges and declares that the Contract Documents are full and complete, are sufficient to have enabled it to determine the cost of the Work and that the Drawings, the Specifications and all addenda are sufficient to enable the Contractor to construct the Work outlined therein in accordance with applicable laws, statutes, building codes, and regulations, and otherwise fulfill all of its obligations under the Contract Documents. *The Contractor hereby accepts all responsibility for any errors and omissions which may be contained therein the same as if the Contractor had prepared same.*" (Emphasis added.)

Metroparks' second assignment of error likewise argues the arbitrator exceeded his authority in awarding weather-related damages by ignoring the "plain meaning" of Article 8.10 of the contract, which provides as follows:

"If suspension of the Work is warranted by reason of unforeseen conditions which may adversely affect the quality of the Work if such Work were continued, the Board [Metroparks] may suspend the Work by written notice to the Contractor [Marra]. In such event, the Contract Time shall be adjusted accordingly and the Contract Sum may be adjusted to the extent, if any, that additional costs are incurred by reason of such suspension. If the Contractor, in its reasonable judgment, believes that a suspension is warranted by reason of unforeseen circumstances which may adversely affect the quality of the Work if the Work were continued, the Contractor shall immediately notify the Board of such belief and describe with particularity the reasons therefor."

However, it is well established that arbitration awards are presumed valid and an appellate court may not substitute its interpretation of a contract provision for that of an arbitrator selected by the parties. *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186, paragraph one of the syllabus. Ohio law recognizes that when parties agree to submit their disputes to binding arbitration, they have bargained for the arbitrator's determination concerning the issues submitted and agree to accept the result regardless of its legal or factual accuracy. *Goodyear v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703, certiorari denied (1975), 423 U.S. 986, 96 S.Ct. 393, 46 L.Ed.2d 303; *Huffman v. Valletto* (1984), 15 Ohio App.3d 61, 63, 15 OBR 90, 92, 472

N.E.2d 740, 743. The Ohio Supreme Court in *Goodyear, supra,* at 520, 71 O.O.2d at 511, 330 N.E.2d at 706, stated in this context as follows:

"Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination."

As a result, once a reviewing court determines that the arbitrator's award draws its essence from the parties' contract and is not unlawful, arbitrary or capricious, the reviewing court has no authority to vacate the award pursuant to R.C. 2711.10(D). *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn., supra.*

■ As noted above, the parties failed to provide the common pleas court or this court of appeals with a verbatim transcript or other complete record of the evidence presented during arbitration proceedings to support their respective arguments. The transcript of the hearing conducted by the common pleas court on the parties' respective motions to confirm and/or vacate the award reveals the hearing was limited to legal arguments by the parties and did not recite the evidence presented during the arbitration proceedings.

■ It is well established that absent an adequate record exemplifying a party's claims of error in this context an appellate court must presume regularity of the arbitration proceedings and the resulting arbitration award. *Cleveland Asbestos Abatement v. Parma City School Dist.* (Jan. 30, 1992), Cuyahoga App. No. 59706, unreported, 1992 WL 14398; *F.S.N.O., Inc. v. Heintz* (Sept. 6, 1990), Cuyahoga App. No. 59163, unreported, 1990 WL 127927; *Nelson Harris & Assoc. v. Ameritrust Co., N.A.* (Mar. 1, 1990), Cuyahoga App. No. 56643, unreported, 1990 WL 19123; *Hochwalt v. Rosser* (1970), 28 Ohio Misc. 253, 57 O.O.2d 490, 271 N.E.2d 325. Accordingly, under the circumstances, Metroparks has failed to demonstrate the arbitrator exceeded his authority pursuant to R.C. 2711.10(D) when rendering the arbitration award or the common pleas court erred in confirming the arbitration award in the case *sub judice.*

The common pleas court recognized that the absence of a transcript or other record of the arbitration proceedings mandated confirmation of the arbitration award as follows:

"As a threshold matter, you are all aware that by statute and by case law there are very specific standards for vacating the award of an arbitrator. They include corruption, fraud, undue influence, a number of bases that have not, as far as I know of, been alleged in this proceeding, and indeed the only basis that has been posed by Cleveland Metroparks is that the arbitrator in

this instance went beyond the scope of his authority and was manifestly mistaken in his interpretation and application of the contract provisions.

"The other thing that all of you are well aware of, I am sure, is that a reviewing court, whether it be a court of general jurisdiction as this Court, reviewing the award of an administrative agency, or of an arbitrator, is in the identical position of any court that is reviewing the judgment of a trial court; in other words, a court that has heard and taken evidence, heard witnesses, reviewed exhibits and other documents, and the standard, as both counsel know, for such reviewing court, is there must be plain manifest error for a court, without the benefit of evidence or testimony or documentary material, to overturn the judge or jury who heard the evidence, considered it, reviewed it, and came to a judgment or determination.

"* * *

"This Court would be reluctant, at a minimum, to substitute its judgment de novo, without the benefit of any testimony, without the benefit of any documents or other discovery materials for [the arbitrator's] judgment as it pertains to those issues where evidence was necessary for his determination. And that determination was indeed exhaustive."

On appeal to this court of appeals, Metroparks merely refers to the discussion of various contract provisions in the arbitration award as it did in the proceedings before the common pleas court. The arbitration award in the case *sub judice* states in pertinent part as follows:

"The language of *Condon–Cunningham*[, *Inc. v. Day* (1969), 22 Ohio Misc. 71, 51 O.O.2d 144, 258 N.E.2d 264] and the relevant facts are almost on all fours with the case at bar. The general rule is to the same effect, *United States v. Spearin*, 248 U.S. 132 [39 S.Ct. 59, 63 L.Ed. 166] (1918); *Hollerbach v. U.S.*, 233 U.S. 165 [34 S.Ct. 553, 58 L.Ed. 898] (1914). Hence, relying on it, the Arbitrator holds the last sentence of paragraph 9.1 of the contract is unenforceable *in the circumstances of this case.*" (Emphasis added.)

We note that even if the construction of these contract provisions urged by Metroparks in its argument to the common pleas court were correct, without a transcript of the evidence presented during the arbitration proceedings this court is unable to dispute the arbitrator's conclusions or the common pleas court's decision affirming the arbitrator.

Metroparks has likewise failed to demonstrate by specific references to the record that the evidence presented by the parties during the arbitration proceedings indicated a lack of waiver by Metroparks of these contract provisions. Marra referred to the lack of such evidence in its argument before the common pleas court as follows:

"There's all sorts of factors and evidence that the arbitrator had, not just a clear cut, we have this language in the contract and the arbitrator awarded X. It can't be that simple. There were two days of testimony in this case. For all we know, the arbitrator ruled that the parties' conduct waived that provision."

Under the circumstances, Metroparks has failed to demonstrate with specific references to the record that the award did not draw its essence from the contract or the arbitrator exceeded his authority to warrant vacating the award pursuant to R.C. 2711.10(D).

Accordingly, Metroparks' first and second assignments of error on appeal are overruled, and Marra's first and second assignments of error on cross-appeal are well taken.

Appellee and cross-appellant Marra's third assignment of error on cross-appeal follows:

"The arbitrator did not exceed his authority in awarding interest upon the sums he found due and owing to Marra as a result of Metroparks' improper conduct."

Marra's third assignment of error on cross-appeal is well taken.

Marra argues the trial court improperly vacated the interest awarded by the arbitrator on the amounts found to be due on the first four claims. Metroparks successfully argued to the trial court that the arbitrator imposed ten percent interest on the amounts by ignoring Article 21.8 of the contract, which provides as follows:

"In not [*sic*] event shall any interest be due and payable by the Board [Metroparks] to the Contractor [Marra], any subcontractor or any other party on any of the *sums payable by the Board under this Contract*, including, without limitation, the sums which the Board is authorized to retain pursuant to the Contract Documents." (Emphasis added.)

The arbitration award, however, demonstrates the arbitrator found the sums awarded were not within the scope of this provision by reasoning that such amounts were not "sums payable by the Board under the Contract" as the amounts represented damages for delay and costs not covered by the contract. The arbitration award states in pertinent part as follows:

"Interest is proper in spite of paragraph 21.8 of the contract which forbids the payment of interest on 'sums payable by the Board under this Contract' because the sums in Claim 1 are not 'sums payable under the contract', but additional claims for damages resulting from Marra's delay."

The identical principles disposing of Metroparks' first and second assignments of error apply in this context. Under the circumstances due to the lack

of an adequate record of the arbitration proceedings and since we have no evidence on which to reverse the arbitration award, we are compelled to reverse the judgment of the common pleas court vacating the arbitrator's award of interest. Based upon our review of the record, Metroparks has failed to demonstrate to this court or to the common pleas court that the arbitrator's interpretation or application of this provision was improper or exceeded his authority.

Accordingly, Marra's third assignment of error on cross-appeal is well taken.

Appellee and cross-appellant Marra's fourth assignment of error on cross-appeal follows:

"The trial court erred in only awarding Marra interest from the date of the arbitrator's decision to October 7, 1991."

■ Marra's fourth assignment of error on cross-appeal is well taken.

Marra argues the common pleas court improperly granted post-judgment interest following confirmation of the award from the date of the award, September 10, 1991, to October 7, 1991 rather than until satisfaction of the judgment, contrary to R.C. 1343.03(A). R.C. 1343.03(A) provides in this context as follows:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, upon any settlement between the parties, upon all verbal contracts entered into, and upon all judgments, decrees and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten percent (10%) per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

The record demonstrates the common pleas court granted Marra statutory interest on the arbitration award limited to a period of approximately one month from September 10, 1991 through October 7, 1991 rather than the date of satisfaction of the judgment without providing explanation for such limitation in a journal entry. It is well established that courts speak only through their journal entries. *State ex rel. Indus. Comm. v. Day* (1940), 136 Ohio St. 477, 17 O.O. 86, 26 N.E.2d 1014.

This court has held that a trial court commits reversible error by failing to award statutory interest on an arbitration award for a liquidated amount as in the case *sub judice* from the date of the award when requested by a party

pursuant to R.C. 1343.03(A). *McNutt v. Progressive Cas. Ins. Co.* (Jan. 24, 1991), Cuyahoga App. No. 57914, unreported, 1991 WL 6457; *Hellmuth, Obata & Kassabaum v. Ratner* (1984), 21 Ohio App.3d 104, 21 OBR 112, 487 N.E.2d 329. The common pleas court obviously determined in the case *sub judice* that Marra was entitled to statutory interest on the arbitration award by granting such interest for the limited period specified in its order. However, since the common pleas court did not provide any justification in its journal entry for limiting its award of statutory interest, we find the common pleas court erred by limiting the statutory interest award in the case *sub judice*.

Accordingly, Marra's fourth assignment of error on cross-appeal is well taken.

The judgment of the common pleas court confirming the arbitration award in favor of Marra in the amount of $76,354.64 is affirmed and the judgment of the common pleas court vacating the arbitrator's award of $5,608.28 in interest is reversed. Final judgment is entered in favor of Marra in the amount of $81,962.92 with ten percent interest from September 10, 1991.

*Judgment accordingly.*

PATTON, P.J., and JAMES D. SWEENEY, J., concur.