OPINION
Appellants Peck Water Systems, Inc. and Philip Peckinpaugh appeal from the April 14, 1999, Judgment Entry of the Stark County Court of Common Pleas. The Judgment Entry confirmed an arbitration award to appellee, Cyrus Corporation, and denied appellants' motion to dismiss and motion to vacate the arbitration award.
 STATEMENT OF THE FACTS AND CASE
On or about May 23, 1991, appellee Cyrus Corporation, as lessor, and appellant Peck Water Systems, Inc., as lessee, entered into a lease of commercial space. Paragraph 22 of the lease agreement signed by the parties provides as follows: "Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association. Any judgment upon the award rendered by the (arbitrator) and allowed by the Rules of the American Arbitration Association may be entered in any court having jurisdiction thereof. If said arbitrator shall entirely decide in favor of one party hereto then the other party shall pay one hundred percent (100%) of all expenses incident to the arbitrator's services. If said arbitrator shall decide to favor one party in part but not in whole, then both parties agree to pro rata pay in part but not in whole said arbitrator's expenses based upon the arbitrators [sic] reasonable allocation and determination of fault."
On the same date, appellant Philip Peckinpaugh, the President of Peck Water Systems, Inc., agreed in writing to absolutely and unconditionally guarantee Peck's performance of its obligations under the lease, including the payment of rent. In accordance with the terms of the commercial lease agreement, appellee, on or about August 28, 1997, filed a demand for arbitration under the Commercial Arbitration Rules of the American Arbitration Association. Appellee, in its demand, alleged that appellant Peck had breached the terms of the commercial lease and that appellants owed money damages totaling $21,472.11. Appellant Peck, in response, filed a counterclaim against appellee. Thereafter, an arbitration was held before arbitrator Albin Lipold. Arbitrator Lipold, on March 11, 1999, filed an Award of Arbitrator providing as follows: "I, . . ., do hereby, AWARD, as follows:
 1. In favor of the Claimant on the claim and counterclaim in the net amount of $19,670.00.
 2. The compensation of the arbitrator totaling $1,867.12 shall be borne equally by the parties. Therefore, Claimant and Respondent shall each pay directly to the American Arbitration Association the sum of $183.56 for compensation still due the arbitrator.
 3. The administrative fees and expenses of the American Arbitration Association totaling $2,100.00 shall be borne as incurred. Therefore, Respondent shall pay directly to the American Arbitration Association the sum of $300.00 for fees and expenses still due the Association.
 4. This Award is in full settlement of all claims and counterclaims submitted to this arbitration."
An application for an order confirming the award of the American Arbitration Association was filed by appellee on March 19, 1999, with the Stark County Court of Common Pleas (Case No. 1999CVO0625). Twelve days later, appellant Peck filed a reply to the application for an order confirming the award of the American Arbitration Association, a motion to dismiss the application, and a motion to vacate the arbitration award and for a stay of proceedings. Appellants, in their motion to vacate, argued that the arbitration award should be vacated pursuant to R.C. Section2711.13 for the following reasons:
 1. The arbitrator exceeded his authority "since the issues between the parties involve controversies outside the authority of the arbitrator."
 2. The arbitrator was guilty of misconduct in that he "refused to hear evidence or arguments pertinent and material to the controversy, and otherwise prejudiced the rights of the appellant,"
 3. The arbitrator so imperfectly executed his authority that a mutual, final, definite award upon the subject matter was not made, and
4. There was a material mistake.
Appellant Peck, in its motion to vacate, indicated that "[t]he transcript of the proceeding [arbitration] is being transcribed and will be filed with this court." Appellant, in its argument alleging the arbitrator was guilty of misconduct in refusing to hear evidence material to the controversy, stated: "Discovery must be permitted to determine what issues and facts were or were not considered and excluded." No transcript of the arbitration proceeding or affidavit accompanied appellants' motion to vacate and neither was ever filed with the trial court. A brief in opposition to appellants' motion to vacate was filed by appellee on April 12, 1999. Pursuant to a Judgment Entry filed on April 14, 1999, the trial court granted appellee's application to confirm the arbitration award while denying both appellants' motion to dismiss and motion to vacate the arbitration award. The court, in its entry, specifically found that "[u]pon review of the briefs, this Court finds that arbitrator did not exceed his authority, nor was he guilty of misconduct. . . . Further, this Court finds that the award is a definite award and there was no material mistake." It is from the April 14, 1999, Judgment Entry that appellants prosecute their appeal raising the following assignment of error:
 THE TRIAL COURT ERRED IN CONFIRMING THE AWARD OF THE AMERICAN ARBITRATION ASSOCIATION AND IN NOT STAYING PROCEEDINGS BEFORE IT, PENDING RECEIPT OF A TRANSCRIPT OF THE ARBITRATION PROCEEDINGS AND DISCOVERY, WHERE CERTAIN FACTS ALLEGED BY THE PREVAILING PARTY WERE DENIED AND WHERE ON MOTION TO VACATE IT WAS ALLEGED THAT THE ARBITRATOR REFUSED TO PERMIT THE INTRODUCTION OF EVIDENCE MATERIAL TO THE ISSUES IN DISPUTE BETWEEN THE PARTIES.
 I
Appellants argue that the trial court erred in confirming the arbitration award before appellants had an opportunity to obtain a transcript of the arbitration hearing and discovery. Appellants argue that the trial court should have ordered a stay of the confirmation proceedings so that appellant could obtain the transcript and discovery. Appellants argue that the transcript and discovery were necessary where certain facts were denied and where it was alleged that the arbitrator refused to permit the introduction of material evidence. We do not find that the trial court erred in confirming the arbitration award or in denying the request for stay. The appellants did not provide the trial court with sufficient reasons in support of appellants' need for a transcript and discovery to justify a stay of the confirmation proceedings. Under Ohio law, arbitration awards are presumed valid and an appellate court may not substitute its interpretation of a contract provision for that of an arbitrator selected by the parties. Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn. (1990) 49 Ohio St.3d 129, paragraph one at the syllabus. "Ohio law recognizes that when parties agree to submit their disputes to binding arbitration, they have bargained for the arbitrator's determination concerning the issue submitted and agree to accept the result regardless of its legal or factual accuracy." Marra Constructors, Inc. v. Cleveland Metroparks Sys. (1993), 82 Ohio App.3d 557, 562, citing Goodyear v. Local Union No. 200 (1975), 42 Ohio St.2d 516. Revised Code Section 2711.13
provides "[a]fter an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." Pursuant to Revised Code Section 2711.10, a court of common pleas may vacate an arbitration award upon the application of any party to the arbitration if: "(A) The award was procured by corruption, fraud, or undue means. (B) There was evidence of partiality or corruption on the part of the arbitrators, or any of them. (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." As is stated above, appellants, in their motion to vacate, alleged that the arbitration award should be vacated because the arbitrator exceeded his authority, was guilty of misconduct, and "so imperfectly executed his authority that a mutual, final, definite order upon the subject matter was not made", and because the arbitrator made a material mistake. Appellants, in their motion to vacate, indicated to the trial court that the transcript of the arbitration was being transcribed and was to be filed with the court. In regard to whether the arbitrator was guilty of misconduct in refusing to hear pertinent evidence, the appellants stated that discovery "must be permitted to determine what issues and facts were or were not considered and excluded" by the arbitrator. In determining whether the trial court erred in denying a stay to the appellants so that appellants could obtain a transcript and discovery, we will examine each of the arguments made by appellant in their assignment of error regarding this issue. The appellants state in their assignment of error that it was error for the trial court to deny a stay to appellants when appellants needed to obtain a transcript of the arbitration proceedings and discovery "where certain facts alleged by the prevailing party were denied." In appellants' argument supporting their assignment of error, appellants state that "[i]n their Reply, appellants disputed certain "facts" claimed by appellee." However, appellants' motion for an order staying the confirmation proceedings in the trial court was contained in the appellants' motion to vacate, not in appellants' Reply to the application for confirmation. Therefore, we find the argument made by appellants that the trial court should have stayed the application proceedings based on the denials made by appellants in their Reply to claimant's application to confirm the arbitration award, has been waived since it was not raised in the trial court. The appellants further state in their assignment of error that it was error for the trial court to deny a stay "where on Motion to Vacate it was alleged that the arbitrator refused to permit the introduction of evidence material to the issues in dispute between the parties." In examining appellants' argument supporting this assignment of error, appellants state that, "[a]ppellants claimed the arbitrator engaged in misconduct by refusing to hear evidence or arguments pertinent and material to the controversy." In appellants' memorandum in support of their Motion to Vacate in the trial court, appellants claimed that appellee misrepresented "[e]nviromental concerns, utility providers, water availability and other issues" and appellee's actions "directly harmed" appellants. Appellants further claimed that the appellee closed drains to "[a]id the environmental cleanup activities." Appellants then stated "[t]he arbitrator refused to permit full testimony and argument concerning these and other relevant matters." However, appellants never set forth specifically what testimony was refused by the arbitrator. Nor were any affidavits or exhibits filed with the trial court by appellants indicating any evidence that was refused admittance by the arbitrator. Had appellants specifically set forth what evidence the arbitrator refused to admit and if that evidence were relevant and admissible, then the transcript of the arbitration proceeding would have been needed to determine whether the arbitrator actually did refuse to admit the evidence. However, the nebulous allegations of appellants that evidence was refused did not justify the trial court in staying the confirmation proceedings until a transcript could be prepared. Therefore, we find no error by the trial court in its denial of the request to stay the confirmation proceedings. We also find that the trial court did not error in confirming the arbitration award. We have already ruled that it was not error for the trial court to proceed in making its ruling without allowing the appellants time to obtain the transcript of the arbitration proceedings and discovery. Absent a complete record of evidence presented during the arbitration proceedings, an appellate court must presume the regularity of an arbitration proceeding and the resulting award. Marra, supra. at 563. We, therefore, must presume the regularity of the arbitration proceedings in the case sub judice. For the foregoing reasons, we find that the trial court did not error in denying appellants' Motion to Vacate the arbitration award and in granting appellee's motion to confirm the arbitration award. Appellants' sole assignment of error is, therefore, overruled.
The Judgment of the Stark County Court of Common Pleas is affirmed.
By Edwards, J. Wise, P.J. and Gwin, J. concurs