[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In their sole assignment of error, defendants-appellants, 6100 Columbus Inc., Richard Sterben, and Edwin Gray contend that the trial court erred in enforcing an arbitration award where there was alleged misconduct at the arbitration proceeding. We disagree.
It is the policy of Ohio to favor the regularity and integrity of an arbitrator.[1] Arbitration awards are, therefore, ordinarily subject to a limited review.[2] Reviewing courts must presume the regularity of the proceedings and the resulting arbitration award, where the aggrieved party fails to submit an adequate record to show grounds to vacate the award.[3]
In this case, appellants' brief contains allegations relating to the lack of exchange of information before the arbitration hearing and its effect on the evidence introduced at the hearing and the testimony of witnesses; however no transcript of the proceedings before the arbitrator or the court below is provided in the record. Absent a record exemplifying their claimed errors, we must presume the regularity of both the arbitration proceedings and the subsequent award. Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
SUNDERMANN, P.J., WINKLER and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 9,2000 per order of the Court.
Presiding Judge
[1] See Campbell v. Automatic Die Products Co.
(1954), 162 Ohio St. 321, 329, 123 N.E.2d 401, 405.
[2] See R.C. 2711.10; Goodyear Tire Rubber Co. v. LocalUnion No. 200 (1975), 42 Ohio St.2d 516,330 N.E.2d 703.
[3] See Motor Wheel Corp. v. Goodyear Tire Rubber
(1994), 98 Ohio App.3d 45, 55, 647 N.E.2d 844, 850; MarraConstructors, Inc. v. Cleveland Metroparks Sys. (1993),82 Ohio App.3d 557, 563, 612 N.E.2d 806, 810; Tessler v.Ayer (May 18, 1994), Hamilton App. Nos. C-930133 and C-930314, unreported.