DECISION AND JOURNAL ENTRY
Appellant-defendant Susan J. Guinta appeals from a confirmation of an arbitration award against her in the Medina County Court of Common Pleas.[1] Because Guinta has failed to comply with the Ohio Rules of Appellate Procedure and the Local Rules of this Court, the appeal is dismissed.
This Court has previously held that we "may summarily reject an appeal where the appellant fails to properly brief and argue his assignments of error in the manner required by the Appellate Rules." Ivery v. Ivery (Jan. 12, 2000), Summit App. No. 19410, unreported, quoting Advertising Tapes, Inc. v. Misquitta
(Apr. 15, 1998), Summit App. No. 18631, unreported. In the instant case, Guinta filed an appellate brief on July 8, 1998. This brief fails, however, to comply with the mandates of App.R. 16 and 19 and Loc.R. 7(A). Specifically, Guinta has failed to provide a table of contents, App.R. 16(A)(1) and Loc.R. 7(A)(1); to include a table of authorities, App.R. 16(A)(2) and Loc.R. 7(A)(1); to set forth assignments of error, App.R. 16(A)(3) and Loc.R. 7(A)(2); to present a statement of the issues presented, App.R. 16(A)(4) and Loc.R. 7(A)(3); to include a separate statement of the facts, App.R. 16(A)(6) and Loc.R. 7(A)(5); and to cite to relevant legal authorities supporting an argument, including the applicable standard of review, App.R. 16(A)(7) and Loc.R. 7(A)(6). Instead, Guinta has presented this Court with three pages of argument in support of a nonexistent assignment of error.[2]
Although proceeding pro se, Guinta is not entitled to disregard the appellate rules in such a manner. A pro se
appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants. Fairlawn v.Figetakis (Jan. 26, 2000), Summit App. No. 19467, unreported, citing Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363.
Accordingly, the appeal is dismissed pursuant to Loc.R. 7(F).
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR, FOR THE COURT.
BAIRD, P.J., WHITMORE, J., CONCUR.
[1] Initially, defendant Breckenridge Real Estate Marketing Group, Inc. also sought to appeal the lower court's judgment. This Court ordered the Ohio corporation to obtain counsel and file an appellate brief in a journal entry dated May 10, 1999. After failing to comply with this Court's order, Breckenridge's appeal was dismissed in an entry journalized on June 3, 1999. See UnionSav. Assn. v. Home Owners Aid, Inc. (1970), 23 Ohio St.2d 60,62-64.
[2] Even if Guinta's brief could be construed as presenting an assignment of error on which to rule, this Court notes that, because the record does not contain a transcript of the proceedings below, no error would be found. See MarraConstructors, Inc. v. Cleveland Metroparks Sys. (1993), 82 Ohio App.3d 557,563 ("It is well established that absent an adequate record exemplifying a party's claims of error in this context an appellate court must presume regularity of the arbitration proceedings and the resulting arbitration award."). Further, from the record before this Court, it appears that Guinta failed to present to the trial court any of the grounds upon which the arbitration award may be vacated. See R.C. 2711.10 and 2711.11;Goodyear v. Local Union No. 200 (1975), 42 Ohio St.2d 516, paragraph two of the syllabus. As such, Guinta could not succeed on the merits of her appeal. See Hacienda Mexican Restaurant ofOhio v. Zadd (Dec. 10, 1993), Lake App. No. 92-L-108, unreported;Mote Assoc., Inc. v. St. Henry (Dec. 2, 1991), Mercer App. No. 10-90-12, unreported, citing Shover v. Cordis Corp. (1991),61 Ohio St.3d 213, 220.