JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision by the common pleas court to affirm an arbitration award reinstating Police Officer Scott Marek to his employment. The appellant, City of Cleveland, argues:
 I. THE COURT OF COMMON PLEAS ERRED WHEN IT DECLARED THAT PORTIONS OF THE GUN CONTROL ACT OF 1968, AS AMENDED, WERE UNCONSTITUTIONAL.
 II. THE TRIAL COURT ERRED IN FAILING TO VACATE THE ARBITRATOR'S AWARD, AS THE AWARD IS UNLAWFUL.
 III. THE TRIAL COURT ERRED IN FAILING TO VACATE THE ARBITRATION AWARD, AS THE AWARD VIOLATES THE PUBLIC POLICY OF PROHIBITING THOSE WITH A PROPENSITY TO COMMIT DOMESTIC VIOLENCE FROM CARRYING FIREARMS.
The appellee, Cleveland Police Patrolman's Association (CPPA), cross-appeals, asserting:
 THE TRIAL COURT ERRED IN MODIFYING THE AWARD OF THE ARBITRATOR BY DISALLOWING SCOTT MAREK
 BACK PAY WHERE (1) SUCH MODIFICATION EXCEEDS THE COURT'S AUTHORITY, AND (2) IS [sic] NOT JUSTIFIED PURSUANT TO R.C. 2711.11 AND R.C. 2711.12.
We affirm the common pleas court's decision to affirm the arbitration award, albeit for reasons different from those cited by the court below. We vacate the court's decision to the extent it decided a constitutional question unnecessarily; we reverse to the extent the court modified the arbitrator's decision.
 FACTS AND PROCEEDINGS BELOW
In the common pleas court, the parties stipulated that the following facts were before the arbitrator. Scott Marek was a member of the Cleveland Police Department from 1992 until August 2, 1996. In 1993, he began living with a woman friend and her two children. On November 3, 1994, Marek struck one of the children, a thirteen-year-old boy.
More than a year later, on November 30, 1995, Marek was charged with misdemeanor assault under Cleveland Codified Ordinance 621.03(A). In January 1996, the city issued its notice of charges alleging that Marek violated various departmental rules and civil service regulations. The safety director suspended Marek pending disposition of the criminal charges, effective January 29, 1996.
After Marek was convicted on the assault charge, the safety director held a hearing and found Marek guilty of all charges. He decided to terminate Marek's employment, effective August 2, 1996. The CPPA filed a grievance pursuant to its collective bargaining agreement (CBA) with the city, and the matter was submitted to binding arbitration. The arbitrator issued an award reducing Marek's discipline from discharge to a ten-month suspension and ordered the city to reinstate Marek without back pay, effective June 18, 1997.
The city then moved the common pleas court to vacate the arbitration award, arguing that (1) the arbitrator disregarded a term of the CBA prohibiting him from substituting his judgment about the appropriate discipline for the judgment of the safety director and (2) the arbitrator's decision was contrary to law because it required the city to reemploy as a police officer a person who was disabled from possessing a firearm. The trial court affirmed the arbitration award, concluding it was not contrary to law. The court further found that 18 U.S.C. § 925 was unconstitutional to the extent that it excludes persons convicted of domestic violence misdemeanors from the public interest exception to the general prohibition against possession of firearms by persons convicted of certain crimes.[1] The court ordered Marek reinstated without back pay, 10 days from the date of this order. The parties timely appeal from this order.
 LAW AND ANALYSIS
The city's second and third assignments of error assert that the arbitration award should be vacated because it violates the Gun Control Act of 1968, as amended, as well as the policy behind it. We address these closely-related arguments together.
Arbitration awards are presumed valid. [A]n appellate court may not substitute its interpretation of a contract provision for that of an arbitrator selected by the parties. Marra Constructors, Inc. v. Cleveland Metroparks System (1993), 82 Ohio App.3d 557,562. The parties have bargained for the arbitrator's determination concerning the issues submitted and agree to accept the result regardless of its legal or factual accuracy. Id. Absent evidence of corruption, fraud or misconduct (which are not alleged here), a reviewing court may not vacate an arbitration award unless it determines the award was unlawful, arbitrary or capricious or fails to draw its essence from the parties' contract. Findlay City School Dist. Bd. Of Edn. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus; R.C. 2711.10.
A court may refuse to enforce an arbitrator's award that is contrary to public policy under the general common law doctrine that a court may refuse to lend its aid to a contract that violates the law. Cleveland Bd. of Edn. v. Internatl. Bhd. of Firemen (1997), 120 Ohio App.3d 63, 69 (citing United Paperworkers Internatl. Union v. Misco, Inc. [1987], 484 U.S. 29, 42-43). The issue is whether specific terms of the contract would violate public policy, not whether the conduct for which the employee was disciplined violated some public policy or law. Tennessee Valley Authority v. Tennessee Valley Trades and Labor Council, (6th Cir. 1999), 184 F.3d 510; Interstate Brands v. Teamsters Local Union No. 135 (6th Cir. 1990), 909 F.2d 885, 893 (upholding arbitration award ordering reinstatement of delivery van driver despite criminal charges filed against him for possession of cocaine, marijuana, and drug paraphernalia while off duty). The Supreme Court has held that "the question of public policy is ultimately one for resolution by the courts. W.R. Grace Co. v. Local Union 759 (1983),461 U.S. 757, 766. Accordingly, when an arbitration award is challenged on public policy grounds, the court must determine whether the arbitrator's interpretation of the contract jeopardizes a well-defined and dominant public policy, taking the facts as found by the arbitrator. Bd. of Cty. Commrs. v. L. Robert Kimball and Associates (6th Cir. 1988), 860 F.2d 683, 686.
In the common pleas court, the city contended that enforcement of the arbitrator's award here would violate the Gun Control Act of 1968, as amended. The Lautenberg Amendments to the Gun Control Act of 1968 became effective on September 30, 1996, after Marek was dismissed from his employment but before the arbitrator's decision. These amendments made it unlawful for any person who had been convicted of a misdemeanor crime of domestic violence to possess a firearm. 18 U.S.C. § 922(g)(9). The statute also makes it unlawful to sell or dispose of a firearm to another person knowing or having reasonable cause to believe that person had been convicted of a misdemeanor crime of domestic violence. 18 U.S.C. § 922(d)(9). A misdemeanor crime of domestic violence is defined by18 U.S.C. § 21(a)(33)(A) as an offense that is a misdemeanor under state law and that has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent or guardian of the victim. The city argued these provisions made it unlawful for the city to employ Marek as a police officer because it would be unlawful for Marek to possess a firearm and for the city to provide him one.
Although this issue was not expressly determined by the arbitrator or the trial court, for purposes of this opinion, we assume (without deciding) that Marek is forbidden from possessing a firearm because of his conviction for assaulting his friend's son.[2] See United States v. Chavez (11th Cir., Feb. 29, 2000), 2000 U.S. App. LEXIS 2931, unreported; United States v. Meade (1st Cir. 1999), 175 F.3d 215, 218-22; United States v. Smith (8th Cir. 1999), 171 F.3d 617, 620 (to constitute misdemeanor of domestic violence, statute underlying conviction must include as an element the use or attempted use of physical force or the threatened use of a deadly weapon, but need not include domestic relationship among misdemeanant and victim). This assumption does not necessarily require the conclusion that the arbitrator's award violates the law or public policy behind the Gun Control Act, however. The prohibition against possession of a firearm does not automatically prohibit Marek from employment as a police officer. There was no evidence in the record before the arbitrator that the possession of a fire-arm is an essential part of the job of police officer. In fact, there are positions (such as traffic controller) for which a weapon is not needed or even allowed. Therefore, Marek's employment as a police officer would not be inconsistent with the public policy behind the law, which simply seeks to keep firearms out of the hands of certain kinds of offenders.
The city bore the burden of demonstrating that enforcement of the arbitration award would violate public policy. There was no evidence before the arbitrator that the city could not employ as a police officer a person who was prohibited from possessing a firearm. Therefore, we cannot say that enforcement of the CBA as construed by the arbitrator would contravene 18 U.S.C. § 922(d)(9) or (g)(9) or the public policy behind them. Accordingly, we overrule the second and third assignments of error and affirm the trial court's decision to enforce the arbitration award.
Given this conclusion, there was no need for the trial court to reach the constitutional question upon which it based its decision. We therefore vacate the court's decision on the constitutional issue, stating no opinion on that matter. This conclusion renders the first assignment of error moot.
With respect to the cross-appeal, we agree with appellee that the court erred by ordering Marek reinstated ten days from the date of the court's decision. This conclusion, in effect, modified the arbitrator's decision, reinstating Marek over one and one-half years after the arbitrator ordered him reinstated. The circumstances under which the court may modify an arbitration award are strictly limited. R.C. 2711.11. These circumstances do not apply here; therefore, we reverse the trial court's decision to the extent it modified the arbitrator's decision as to the date of reinstatement.
 CONCLUSION
For these reasons, we affirm the trial court's judgment enforcing the arbitration award, vacate the judgment to the extent it finds 18 U.S.C. § 925 to be unconstitutional, and reverse the judgment to the extent it alters the arbitrator's award as to the date of Marek's reinstatement.
This cause is affirmed in part, vacated in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said each party shall bear its own costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and LEO M. SPELLACY, J. CONCUR
 ______________________________ KENNETH A. ROCCO, JUDGE
[1] As explained more fully below, persons convicted of various crimes, including misdemeanor crimes of domestic violence, are prohibited from possessing firearms under 18 U.S.C. § 922(g)(9). Section 925 provides an exception to this prohibition with respect to the possession of a firearm for the use of a political subdivision of a state. However, this exception does not apply to section 922(g)(9).
[2] We perceive a question whether appellant cohabited with the victim as a parent or guardian or was similarly situated to a parent or guardian a question we expressly decline to address under the circumstance here. We also note the statutory prohibition against the possession of firearms is not permanent but can be removed if the conviction is expunged or set aside or the defendant is pardoned. 18 U.S.C. § 921(a)(33)(B)(ii).