DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas, which confirmed, but modified, that portion of an arbitrator's decision that awarded appellant, Robert Kellem, back pay, less compensation earned or benefits paid. In addition, the trial court's judgment vacated that part of the arbitrator's award that reinstated Kellem as a corrections officer and ordered appellee, the Erie County Sheriff, to assign Kellem to the control room in the corrections facility. Finally, the trial court denied the motion of appellants, Kellem and the Fraternal Order of the Police, Ohio Labor Council, Inc., for prejudgment interest. Appellants appeal that judgment and assert the following assignments of error:
 "THE ERIE COUNTY COMMON PLEAS COURT ERRED IN FINDING THAT PART OF THE ARBITRATION AWARD THAT ORDERED THE REINSTATEMENT OF THE GRIEVANT TO BE MOOT."
 "THE ERIE COUNTY COMMON PLEAS COURT ERRED WHEN IT DENIED INTEREST ON THE BACK PAY DUE THE GRIEVANT."
This case arose from the arbitration of a grievance initiated pursuant to the terms of a collective bargaining agreement. Kellem, a corrections officer since 1986, began experiencing physical problems with his neck, back and hip. In May 1997, Kellem had surgery performed on his neck and was unable to work for several months. In October 1997, he requested a return to work as a control booth operator, a job he could perform despite his physical handicaps. In mid-October of 1997, Kellem was told that he could not return to work because he did not have unrestricted medical leave to do so. Kellem then instituted the grievance process, which, pursuant to the collective bargaining agreement, was subject to arbitration.
After conducting a hearing and considering the evidence offered therein, as well as numerous exhibits, the arbitrator concluded:
 "* * * the Employer abused its discretion under the [Collective Bargaining] Agreement when it refused to schedule the grievant as a control booth operator and effectively terminated his services. For this reason, the grievance is sustained. The grievant shall be reinstated as a corrections officer and assigned to the control booth. The grievant is awarded back pay, less compensations earned or benefits paid. The Arbitrator's fees shall be split by the parties as management's refusal to accept the grievant's return to work was comparable to a termination."
Appellee then asked the common pleas court to vacate or modify the award under R.C. 2711.10(D), which allows an arbitration award to be vacated if the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. Appellee asserted that the arbitrator exceeded his authority in two ways. First, appellee argued that the arbitrator lacked the jurisdiction to determine whether appellee violated the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. Second, appellee maintained that the arbitrator exceeded his authority by finding that a permanent handicap is unnecessary in order for Section 4.01 (which precludes employment discrimination on the basis of a handicap) of the collective bargaining agreement to apply. A document, dated December 8, 1997 and purporting to terminate Kellem's employment for nonmedical reasons, was attached to appellee's motion. Appellants also filed a motion to confirm the arbitrator's award pursuant to R.C. 2711.09.
As stated previously, the trial court confirmed the award, in part, modifying the period for which Kellem was owed back pay and held that the reinstatement issue was moot because Kellem's employment was terminated on December 8, 1997 for a nonmedical reason. Although there is no evidence to support such a conclusion in the record of this case, the common pleas court further opined that the December 1997 termination "was not appealed."
In their first assignment of error, appellants contend that the trial court erred in considering a matter that was not before the arbitrator and finding that reinstatement of Kellem was moot based upon that matter.
Arbitration is the preferred method of dispute resolution. Schaeferv. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711; Toledo PolicePatrolman's Assn. v. Toledo (1998), 127 Ohio App.3d 450, 467. An arbitration award therefore carries a presumption of validity. Bd. ofEdn. of Findlay City School Dist. v. Findlay Educ. Assn. (1990),49 Ohio St.3d 129, 131; Brumm v. McDonald Co. Securities, Inc. (1992),78 Ohio App.3d 96, 103. R.C. Chapter 2711 authorizes a "limited and narrow judicial review of an arbitration award" by setting forth "specific statutory procedures to vacate, modify, correct, or confirm an arbitration award." Galion v. Local 2243, AFSCME (1995),71 Ohio St.3d 620, 623, 646. R.C. 2711.10 sets forth those specific grounds upon which the court may review the award and is limited to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority. The trial court's decision cannot include a reconsideration of the merits of an award, even when parties allege that the award rests on errors of fact or on misinterpretation of the collective bargaining agreement. United Paperworkers Internatl Unionv. Misco (1987), 484 U.S. 29, 36. On appellate review, this court is confined to an evaluation of the order issued by the trial court pursuant to R.C. 2711, and the substantive merits of the award are not reviewable absent evidence of material mistake or extensive impropriety. WarrenEdn. Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170, 173-74.
In its judgment, the common pleas court expressly found that the arbitrator had the jurisdiction to determine the issue before him and to interpret the collective bargaining agreement "concerning a claim for discrimination based on a medical condition." Thus, the trial court decided, in essence, that both of the statutory grounds raised by appellee were without merit, that the arbitrator's award was within the purview of the collective bargaining agreement and, therefore, that the arbitrator did not violate R.C. 2711.10(D). Based on Ohio statutory and case law, the common pleas court could not, therefore, modify or vacate any portion of the arbitration award. This is particularly true when the court's order is based on alleged "evidence" that was available but was not presented to the arbitrator during the course of the arbitration proceedings. Accordingly, appellants' first assignment of error is found well-taken.
In their second assignment of error, appellants contend that the trial court should have awarded statutory interest upon the back pay due to Kellem from the date of the arbitration award because the Erie County Sheriff "has continually refused to reinstate or pay Kellem the back pay due him." Appellants argue that R.C. 1343.03 permits statutory interest to be awarded on an arbitration award from the date of the award.
R.C. 1343.03(A) provides, in relevant part:
 "* * *[W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, except that, if a written contract provides a different rate of interest in relation to the money that becomes due and payable, the creditor is entitled to interest at the rate provided in that contract."
Prejudgment interest is not imposed as punishment for the party responsible for the underlying damages; instead, "it acts as compensation and serves ultimately to make the aggrieved party whole. Indeed, to make the aggrieved party whole, the party should be compensated for the lapse of time between accrual of the claim and judgment." Royal Elec. Constr.Corp. v. Ohio State Univ. (1995), 73 Ohio St.3d 110, 117.
A trial court's decision to deny prejudgment interest will be upheld absent an abuse of discretion. Wagner v. Midwestern Indemn. Co. (1998),83 Ohio St.3d 287, 292, citing Kalain v. Smith (1986), 25 Ohio St.3d 157,159. This court has previously held that a judgment entered on an arbitration award may order prejudgment interest. See Erie CountySheriff v. Fraternal Order of Police, Ohio Labor Council, Inc. (May 28, 1993), Erie App. No. E-92-28, unreported. Accord, Woods v. Farmers Ins.of Columbus, Inc. (1995), 106 Ohio App.3d 389, Bd. of Trustees, MiamiTwp. v. Fraternal Order of Police, Ohio Labor Council (May 15, 2000), Clermont App. Nos. CA99-03-028, CA99-04-031; Mark L. Kaser Corp. v. Pope
(Dec. 7, 1998), Warren App. No. CA98-06-073, unreported.
In agreeing to submit their disputes to binding arbitration, the parties bargained for the arbitrator's resolution of the controversy and acquiesced to the arbitration award. Marra Constructors, Inc. v.Cleveland Metro. (1993), 82 Ohio App.3d 557, 562, citing Goodyear v.Local Union No. 200 (1975), 42 Ohio St.2d 516 . However, appellee then failed to comply with the arbitration award of July 31, 1998 and with the terms of the collective bargaining agreement. In its decision, the trial court did not provide any reason for denying the appellants' request for prejudgment interest. Accordingly, we find that the trial court abused its discretion by denying appellants' motion for prejudgment interest, retroactive to the date of the arbitration award. Therefore, appellants' second assignment of error is found well-taken.
Upon consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed and vacated and the arbitrator's award is ordered reinstated. This cause is remanded to the trial court for entry of a judgment granting appellants' motion for prejudgment interest, commencing on July 31, 1998 and ending on the date of the judgment in this case. Appellee is ordered to pay the costs of this appeal.
Erie Co. Sheriff v. F.O.P., E-99-075
 ____________________________ Melvin L. Resnick, J.
 James R. Sherck, J., George M. Glasser, J., JUDGES CONCUR.
George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.