JOURNAL ENTRY AND OPINION.
{¶ 1} In this consolidated appeal, plaintiff-appellant Progressive Max Insurance Company ("Progressive") appeals the dismissal in the Cuyahoga County Court of Common Pleas of three actions[1] filed by Progressive following three binding arbitration awards in favor of defendant-appellee State Farm Mutual Insurance Company ("State Farm"). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This case involves three separate disputes between Progressive and State Farm regarding liability coverage under each company's policy of insurance. Progressive claimed that both policies owed coverage on an excess basis and that the liability claims should be paid on a pro-rata basis. State Farm refused to participate in the resolution of the claims, maintaining that its policy of insurance was only excess to the coverage provided by Progressive.
 {¶ 3} Pursuant to the Special Arbitration Agreement of Arbitration Forums, Inc., to which both parties are signatory members, the disputes were submitted to binding arbitration. Pursuant to the rules of the Agreement, the arbitration panel may not enter a default judgment in the event that the respondent company fails to answer the complaint. Rather, the applicant company is required to establish its position and entitlement to the award to the satisfaction of the panel.[2]
 {¶ 4} On June 13, 2002, a final and binding arbitration decision was entered in favor of State Farm and against Progressive in all three cases. Although State Farm failed to answer, the arbitrator found that Progressive had "failed to prove its contentions against State Farm * * *." Following each of the decisions, under the heading of "PANEL COMMENTS," the assigned arbitrator noted that State Farm's policy wording and limits were "not available" and therefore a "pro-rata determination could not be determined."
 {¶ 5} On September 5, 2002, Progressive filed motions to modify/vacate the arbitration awards in Cuyahoga County Common Pleas Court pursuant to R.C. 2711.13. As grounds for the motions, Progressive argued that State Farm failed to provide the arbitration panel with complete information regarding the relevant policy and documentation confirming its policy limits. Attached to Progressive's motions were three exhibits: (1) a copy of the Special Arbitration Agreement; (2) a copy of the application to Special Arbitration Forum submitted by Progressive; and (3) a copy of the arbitration decision. No transcript of the arbitration hearings or statements of the evidence were filed with the trial court.
 {¶ 6} On November 12, 2002, State Farm filed motions to dismiss the complaints filed by Progressive on the grounds that none of the motions contained the statutory grounds mandated by R.C. 2711.13 for vacation of an arbitrator's award from binding arbitration. The trial court thereafter granted the motions to dismiss with prejudice.
 {¶ 7} Progressive timely appealed raising the following assignment of error.
 {¶ 8} "I. Whether the trial court committed reversible error in granting appellee's motion to dismiss appellant's complaint in which appellant sought the modification, vacation and/or correction of a binding and final arbitration decision entered in favor of appellee."
 {¶ 9} Under Ohio law, arbitration awards are presumed valid and an appellate court may not substitute its interpretation of a contract provision for that of an arbitrator selected by the parties. Findlay CitySchool Dist. Bd. of Edn. v. Findlay Edn. Assn. (1990) 49 Ohio St.3d 129. Indeed, where the parties have agreed to submit their disputes to binding arbitration, they have bargained for the arbitrator's determination concerning the issue submitted and agree to accept the result regardless of its legal or factual accuracy. Marra Constructors, Inc. v. ClevelandMetroparks Sys. (1993), 82 Ohio App.3d 557.
 {¶ 10} Here, Progressive and State Farm were signatory members of Special Arbitration. Pursuant to Article IV of the Special Arbitration Agreement, a decision by the arbitrators is "final and binding without the right of rehearing or appeal, as to the claim or suit arbitrated." Where, as here, a matter is submitted to binding arbitration, the subject matter jurisdiction of the common pleas court to review the arbitration awards is limited to the following grounds:
 {¶ 11} "(A) The award was procured by corruption, fraud, or undue means.
 {¶ 12} "(B) There was evidence of partiality or corruption on the part of the arbitrators, or any of them.
 {¶ 13} "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 {¶ 14} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 15} R.C. 2711.10; Mahoning Cty. Bd. of Mental Retardation v.Mahoning Cty. TMR Educational Assn. (1986), 22 Ohio St.3d 80; Shorts v.Greater Cleveland Regional Transit Authority (July 7, 1994), Cuyahoga App. No. 65775; Service Employees Int'l Union v. City of East Cleveland
(Dec. 13, 1990), Cuyahoga App. Nos. 57788, 57971.
 {¶ 16} Here, the record shows that the trial court properly dismissed Progressive's complaints since none of the allegations contained therein fell within the limited jurisdiction of the common pleas court granted by R.C. 2711.10. Specifically, a thorough review of the complaints show that none of the necessary grounds mandated by R.C.2711.10 for the vacation/modification of an arbitrator's award from binding arbitration, i.e., corruption, fraud, undue influence, misconduct or exceeding of powers, were alleged in the complaints. Rather, the only basis offered by Progressive to vacate the awards is that State Farm failed to respond to the arbitration applications and failed to supply information regarding its policies. Even if correct, these allegations relate to conduct by State Farm and do not allege any corruption or gross procedural impropriety on the part of arbitrator. See Service EmployeesInt'l Union, supra. Since Progressive failed to allege sufficient grounds to vacate the arbitration award in its complaints, the trial court lacked subject matter jurisdiction to vacate or modify the arbitration awards and properly dismissed the complaints. Ibid.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J., and DIANE KARPINSKI, J., concur.
[1] Case No. 480423, Case No. 480427, and Case No. 480809.
[2] Section 5-1 of the Special Arbitration Agreement.